## Hestonville Passenger Railway Co. *versus* Connell.

1. While negligence cannot be imputed to a child of the age of six years and nine months, nevertheless it may be assumed that a child old enough to be trusted to run at large, has discretion enough to avoid ordinary danger, and that persons who have business on the street may reasonably conclude that they are not to provide against possible damages that may result to such child by his own wilful trespass.

2. Where a child of such an age was injured by a street car, not from any defect in the car, nor any neglect in its management, but from the sudden and unexpected act of the child in attempting to mount the front platform of the car while the driver who was also conductor was on the rear platform and could not have foreseen or guarded against the act, the railroad company is not responsible therefor.

3. Under such circumstances there was *prima facie* no negligence in the want of a fender on the front of the car and the absence of the driver from the front platform.

[Hestonville Passenger Railway Co. v. Connell.]

January 31st 1879.   Before Mercur, Gordon, Paxson, Wood-ward, Trunkey and Sterrett, JJ.   Sharswood, C. J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county* : Of July Term 1878, No. 147.

Case by William Connell, by his next friend and father, Patrick W. Connell, against the Hestonville, Mantua and Fairmount Passenger Railway Co., for damages for injuries to plaintiff, through the alleged negligence of defendants' servants.

The facts will be found stated in the opinion of this court.

At the trial, the defendants submitted the following points, which the court, Mitchell, J., refused:

1. The jury must, under the evidence, find for the defendants.

2. There is no sufficient evidence of negligence on the part of the defendants to enable the jury to find a verdict for the plaintiff.

3. If the jury find that the car was going at an ordinary rate of speed, and that the conductor went to the rear end of the car to put a boy off of the back platform, who was hanging on in a dangerous position, and that while there the plaintiff ran towards the front platform, and in trying to get on fell, there is not sufficient evidence of negligence to entitle the plaintiff to recover.

In their charge, the court, inter alia, said:

" I leave it to you to determine, as a question of fact, whether the absence of a fender and driver on the front platform was, under the circumstances, negligence on the part of the defendants."

The verdict was for the plaintiff, for $2000.

The defendants took this writ, and assigned for error the refusal of the foregoing points and the portion of the charge noted.

*Henry Hazlehurst* and *E. Spencer Miller*, for plaintiffs in error. —Where the facts as to negligence are undisputed, the question is for the court and not for the jury : Hoag v. Railroad Co., 4 Norris 293. The liability of a carrier for the direct consequence of its negligence to one who is using a highway in common with itself, is entirely different from its liability to a passenger : Railroad Co. v. Goodman, 12 P. F. Smith 330 ; McCully v. Clarke, 4 Wright 407 ; Allen v. Willard, 7 P. F. Smith 374 ; Railroad Co. v. Heil, 5 W. N. C. 91 ; Stinson v. City, 42 Maine 248 ; Stackpole v. Healey, 16 Mass. 33 ; Waters v. Wing, 9 P. F. Smith 211 ; Bevans v. United States, 13 Wall. 56.

Doubtless, a much less degree of vigilance is required of a child, or could be reasonably expected of him, and, perhaps, where his fault merely co-operates with the actual negligence of a defendant to bring about the accident, he may be considered to a great extent excusable ; but the class of cases into which the present one must fall, have decided that where " his own act directly brings the injury upon him, while the negligence of the defendant is only such as exposes the child to the possibility of injury, he cannot recover:"

[Hestonville Passenger Railway Co. *v.* Connell.]

Sh. & Red. on Neg., § 49. Probably the rule is best stated by saying, that his duty is confined only to an exercise of *the most ordinary care*, and even then with reference to his "ability to foresee and avoid danger:" Railroad Co. *v.* Hassard, 25 P. F. Smith 377; Burke *v.* Railroad Co., 49 Barb. 529; Railroad Co. *v.* Spearen, 11 Wright 302; Hatfield *v.* Roper, 21 Wend. 620; Brown *v.* Railroad Co., 58 Maine 384; Skelton *v.* Railway Co., 2 L. R. C. P. 631; Railroad Co. *v.* McElwee, 17 P. F. Smith 311; Railroad Co. *v.* Rowan, 16 Id. 393; Pennsylvania Canal Co. *v.* Bentley, Id. 30.

*J. Carroll McCaffrey* and *J. J. Murphy*, for defendant in error. —A child is responsible only for such a degree of prudence as is consistent with a person of his years: Railway Co. *v.* Caldwell, 24 P. F. Smith 424; Pennsylvania Railroad Co. *v.* Kelly, 7 Casey 372; Smith *v.* O'Connor, 12 Wright 218; Rauch *v.* Hill, 7 Casey 358; Crissey *v.* Hestonville Railroad Co., 25 P. F. Smith 86; N. P. Railroad Co. *v.* Mahoney, 7 Id. 187; Philadelphia City Passenger Railroad Co. *v.* Hassard, 25 Id. 367; Reading Railroad Co. *v.* Spearen, 11 Wright 300.

Where the danger was open and exposed on the public highway, and was not guarded as it should have been, by either the presence of a fender or of a driver at the front of the car, it cannot be seriously contended that the plaintiffs in error were managing their car with due care and caution: Railway Co. *v.* Hassard, *supra*. Being a trespasser does not defeat the right of recovery: Burge *v.* Gardiner, 19 Conn. 507.

This case is ruled by Hydraulic Works Co. *v.* Orr, 2 Norris 332.

Mr. Justice GORDON delivered the opinion of the court, February 17th 1879.

As we gather from the evidence and from the statements of counsel, on the 3d day of March 1877 at about 11 o'clock, A. M., as the car of the defendant below, was passing along Lancaster avenue, between Fifty and Fifty-first streets, William Connell, the plaintiff, a child of six years and nine months of age, in attempting to jump or climb upon the forward platform, slipped, fell and received the injury complained of by the car passing over him. This was a one-horse reversible car, having both platforms unenclosed, as is customary with such vehicles, and was in charge of but one person, who acted both as driver and conductor. The car was going slowly, and the driver was, at the time of the accident, engaged upon the rear platform and did not observe the child until after it was hurt. There is, therefore, no doubt that the accident resulted directly from the plaintiff's own trespass, and, young as he was, had the damage resulted to the defendant's property instead of to the plaintiff's person, he would have been answerable therefor: McGee *v.* Wil-

[Hestonville Passenger Railway Co. *v.* Connell.]

ling, 31 Leg. Int. 37, per SHARSWOOD, J. True, this rule is not based on any supposed discretionary ability on part of the infant, but rather upon the principle that every one is liable, in a civil suit, for any damage he may occasion though the act producing it may have been unintentional or even accidental. Hence, it is, that though an infant may be responsible for its trespass, yet, ordinarily, negligence cannot be imputed to one so young as the plaintiff, since but little can be predicated of its intelligence or discretion; nevertheless, it may be assumed that a child, old enough to be trusted to run at large, has wit enough to avoid ordinary danger, and so persons who have business on the streets may reasonably conclude that such an one will not voluntarily thrust itself under the feet of his horses or under the wheels of his carriage, *a fortiori*, may they conclude that they are not to provide against possible damages that may result to the infant from its own wilful trespass? All this, however, bears only on the inquiry concerning the defendant's negligence; concurrent negligence in one of the plaintiff's age being out of the question; hence our investigation is confined to the conduct of the defendants' employee and the character of the vehicle used, for, upon these, the court below allowed the case to turn. It was left as a question of fact to the jury, whether the want of a fender on the front platform, and the absence of the driver from the forward part of the car, was, under the circumstances, negligence. Prima facie, there was neglect in neither of these things. The road, designed as it was, for the accommodation of suburban parts of the city where the travel is limited, could not have first class appointments; it must be run cheaply or not at all; hence its cars were drawn by single horses and supervised by single persons, and as they were used without turn-tables, their platforms must of necessity be open.

In all, this there was nothing either unlawful or dangerous. The remaining question is, what misuse was there of these lawful appliances and arrangements, from which a presumption of negligence might be raised? If, as in the case of the Railway Co. *v.* Hassard, 25 P. F. Smith 367, improper use had been made of the open platform by permitting the child to leave it whilst the car was in motion, or had it been in the car and had the driver neglected any duty in respect to it, in either case, a question of negligence would have been raised which, properly, could be determined only by a jury. This, however, is not the question here presented; it is, rather, whether this company was bound to the use of extraordinary care for the sole purpose of preventing injury to trespassing children. It is not a case of mere negligence on the child's part, as if it had been run over whilst crossing or playing in the street; that would raise a question very different from the one in hand. The accident here complained of could not have happened but by the direct act of the plaintiff in his sudden and improper attempt to

[Hestonville Passenger Railway Co. *v.* Connell.]

board the car, and this when the car was moving slowly and when the driver had no reason to anticipate danger to any one, young or old. Certainly this one-horse street-car, moving quietly along the open avenue, was not in itself an object of such a character as to awaken the slightest alarm or apprehension in the mind of any one, however cautious, and therefore called for no more than ordinary care in its management. It is hence manifest that this accident occurred not because of any defect in the vehicle, nor from the neglect of the person who had charge of it, but from the sudden and unanticipated act of the child itself, which could neither be foreseen nor guarded against, and it is a fact that the thoughtless impulse of a child may bring about an accident for which even a railroad company will not be held liable : Philadelphia and Reading Railroad Co. *v.* Spearen, 11 Wright 300.

The mistake, in the present case, was in assuming that the proximate cause of the injury complained of might be found in the structure or management of the car, whereas, as we have shown, the car itself was properly constructed and it was properly used in the ordinary and customary manner, and had the plaintiff not attempted to board it in a rash and unexpected manner no harm would or could have occurred.

This case is, in fact, but a repetition of the one above cited, and the accident was one resulting from childish indiscretion alone, and for it the defendant is not responsible.

Judgment reversed