Claude Pitcher by his next friend, Charles R. Pitcher, Appellant, v. The People's Street Railway Company of Luzerne County.

*Negligence—Street railways—Passenger—Getting on front platform.*

Where a child between seven and eight years of age attempts to get upon the front platform of a street car when the car has stopped to let off a passenger, but neglects in any way to announce his intention to become a passenger, or to signal to the driver or conductor who did not see him, and he is injured by the starting of the car in its ordinary course, there can be no recovery of damages from the railway company: Pitcher v. People's Ry. Co., 154 Pa. 560, followed.

In such a case it is immaterial that the conductor could have seen the boy if he had looked; and it is also immaterial that the car was without a fender.

Argued Feb. 26, 1896. Appeal, No. 135, July T., 1895, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1890, No. 633, entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for personal injuries. Before SCHUYLER, P. J., of the 3d judicial district, specially presiding.

At the trial it appeared that on November 23, 1887, plaintiff, who was a boy at the time between seven and eight years of age, was injured while attempting to get upon the front platform of one of defendant's cars in the city of Scranton. When the car came opposite to where the boy was standing it was stopped and a passenger passed out from the rear door. While the car was stopped the boy started, with his school books and dinner basket in his hands, walking a little faster than usual, intending to enter the car, and so be ready for the return trip when the car should reach the terminus of the track a few feet further on. He approached the front platform upon the left side of the car, placed his right hand upon the rail or handle next the body of the car, and just as he was about to place his foot upon the step, the car started, and he was thrown under the wheel. He gave no signal to either the conductor or driver of his purpose to enter the car. It appeared that the conductor could have seen the boy if he had looked, and that he did not

look. There was proof that no fenders were used on this line of cars at the time of the accident, and that they were used on other street cars in the city of Scranton. The court entered a compulsory nonsuit which it subsequently refused to take off, filing the following opinion:

The boy whose unfortunate injuries have given rise to the present action has admitted with a frankness that does him great credit, that he did not give any indication to the driver or conductor of his intent or desire to get on the car, nor is there any evidence that either the driver or conductor saw him in the act of getting on. Much as we sympathize with the boy, and we do sympathize with him most profoundly, we are constrained to hold, under the decision of the Supreme Court in the action brought by the boy's father, that under the circumstances just mentioned there can be no recovery in the present action.

The particulars in which it is claimed that the present action differs from the former one we think are unimportant. Affirmative proof that the conductor could have seen the boy if he had looked, and that he did not look, rises no higher than the necessary inference from the facts in evidence in the former case, nor are we prepared to say that the omission to look was under the circumstances negligence per se. The conductor like the driver had other duties to perform besides inspecting the car on both sides to see if no boys were hanging on to the front platform. Nor are we prepared to say that the absence of fenders was under the circumstances evidence of negligence. The starting of the car was the proximate cause of the boy's injury, but the Supreme Court say that there was no negligence in that. If that be so we are unable to see how the more remote causes can be deemed evidence of negligence. In the Supreme Court the case did not turn upon any such considerations, but exclusively on the two facts which are also in evidence in the present case, that the boy attempted to board the car without notice to either the conductor or driver, and secondly that neither the conductor nor the driver saw him.

Under these circumstances the court held in language that cannot be mistaken that the defendant owed the boy no duty recognized by a court of law.

The rule to show cause why the judgment of nonsuit should not be set aside is therefore discharged.

*Error assigned* was in refusing to take off nonsuit.

*S. B. Price*, for appellant.—A street railway company is liable for injury to a passenger because of want of ordinary care and skill on the part of the driver of the car, such as starting the car without giving the passenger reasonable opportunity to take a place of safety : Ray on Negligence of Imposed Duties, p. 33 ; Ehrisman v. Pass. Ry., 150 Pa. 180 ; Balt. C. Pass. R. v. McDonnell, 43 Md. 534; Oldfield v. N. Y. & Hudson River R. R., 14 N. Y. 310 ; Patterson on Street Railway Law, 273 ; Smith v. S. P. C. Ry., 32 Minn. 1 ; Chicago West. Div. Ry. v. Mills, 105 Ill. 63 ; Pa. R. R. v. Kilgore, 32 Pa. 292; Johnson v. W. C. & P. R. R., 70 Pa. 357 ; Pa. R. R. v. Lyons, 129 Pa. 113.

The court erred in deciding that as a matter of law the company was not negligent on account of the absence of fenders : American Steamship Co. v. Landreth, 102 Pa. 134; W. Phila. Pass. Ry. v. Gallagher, 108 Pa. 524; Hoag & Alger v. L. S. & M. S. S. R. R., 85 Pa. 293 ; Haverly v. State Line R. R., 135 Pa. 50.

*Horace E. Hand, W. H. Jessup* and *W. H. Jessup, Jr.*, with him, for appellee.—Unless a person has been accepted by a railway as a passenger the company is not liable : Patterson's Ry. Acc. Law, sec. 214; Sherman & Redfield on Negligence, 3d ed. 304 ; 2 Am. & Eng. Ency. 742 ; Pa. R. R. v. Price, 96 Pa. 256; Bricker v. Phila. & Read. R. R., 132 Pa. 1 ; Stager v. Ridge Ave. Pass. Ry., 119 Pa. 70; Webster v. Fitchburg R. R., 58 Am. & Eng. R. R. Cases, p. 1 ; Booth's Street Ry. 416 ; Kennedy v. St. Louis R. R., 43 Mo. App. 1; 2 Am. & Eng. Ency. 744; Patterson's Ry. Acc. Law, 212; Brien v. Bennett, 8 C. & P. 721 ; Smith v. St. Ry., 32 Minn. 1.

There was no evidence of negligence on the part of the company, and the law is well settled that the burden of proof is upon the party alleging that an injury was inflicted by the negligence of another : D. L. & W. R. R. v. Napheys, 90 Pa. 135 ; Farley v. Traction Co., 132 Pa. 64; Phila. & Reading R. R. v. Hummell, 44 Pa. 375 ; Picard v. Ridge Ave. Pass. Ry., 147 Pa. 195 ; Erie Pass. Ry. v. Schuster, 113 Pa. 412; Thomas v. Pass. Ry., 132 Pa. 504; Manahan v. Steinway & H. P. W. Co., 26

N. E. 736; Ogden v. Pa. R. R., 23 W. N. C. 191; Stager v. Ridge Ave. Ry., 119 Pa. 70; Booth's St. Ry. 491; Hayes v. 42d St., 97 N. Y. 259; North Hudson Co. R. R. v. Rochat, 49 N. J. L. 445; Ray on Negligence of Imposed Duties, 33; Reddington v. Phila. Traction Co., 132 Pa. 155; Nichols v. Ry., 106 Mass. 463.

PER CURIAM, March 16, 1896:

The controlling questions in this case are practically ruled by Pitcher v. People's Street Railway Co., 154 Pa. 560, which was a suit brought by the father of the present beneficial plaintiff for loss of services resulting from the same alleged negligence of the defendant company that is complained of in this case.

An examination of the testimony has failed to convince us that there was any error in discharging the rule to take off the judgment of nonsuit. There is nothing in either of the specifications of error that requires discussion. For reasons given by the learned president of the 3d judicial district, (who specially presided at the trial), in his opinion discharging the rule to take off the nonsuit, we think the judgment should not be reversed.

Judgment affirmed.