# Hoffman *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Fender—Contributory negligence.*

In an action by a woman against a street railway company to recover damages for personal injuries, it appeared that at the time of the accident she was standing close to the side of a car as it backed around a curve, and as the car swung around she was struck by the fender and injured. The car was backing at the time, and the fender during this temporary movement of the car had not been raised. There was no evidence to show that it was customary or necessary to keep the fender raised at the rear end of the car. The evidence was undisputed that the plaintiff could have avoided the accident by the exercise of reasonable care. *Held,* that there was no evidence of negligence on the part of the company, and that the plaintiff was guilty of contributory negligence.

*Negligence—Evidence—Standard of care—Province of jury.*

A jury cannot be permitted to draw inferences of negligence in the absence of evidence from which such negligence may be reasonably inferred or to hold the defendant to a higher standard of care than the law requires. The plaintiff must establish, by affirmative testimony, some negligent acts from which a jury can infer want of care. If the evidence does not show negligence there is no question for the jury to determine.

Argued Jan. 4, 1905. Appeal, No. 128, Jan. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1902, No. 923, on verdict for plaintiff in case of John H. Hoffman and Minnie J. Hoffman, his wife, v. The Philadelphia Rapid Transit Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

88  HOFFMAN *v.* PHILA. RAPID TRANSIT CO., Appellant.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for John H. Hoffman for $150, and for Minnie J. Hoffman for $1,800.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Russell Duane*, for appellant.—There was no proof of negligence: Osterheldt v. Peoples, 208 Pa. 310; Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219; Gargan v. West End Street Ry. Co., 176 Mass. 106 (57 N. E. Repr. 217).

The plaintiff was guilty of contributory negligence: Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219; Buzby v. Philadelphia Traction Co., 126 Pa. 559.

*Maxwell Stevenson,* for appellees.—The case was for the jury: Miller v. Lewistown Electric Light, etc., Co., 212 Pa. 503; Shafer v. Lacock, 168 Pa. 497; Cleary v. Traction Co., 179 Pa. 526; Fellers v. Warren St. Ry. Co., 26 Pa. Superior Ct. 31; Coolbroth v. Penna. R. R. Co., 209 Pa. 433.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

The wife plaintiff, engrossed in a conversation with a friend, was walking eastward on the south side of Lehigh avenue. They reached the curb of Sixth street, stepped on the street, and were proceeding to cross the same when they discovered a car belonging to defendant standing in front of them. They stopped near the center of the car which had come down Sixth street to that point, stopped, and was about to back around a curved switch in order to take its place on Lehigh avenue for the purpose of starting on its westward route. As the end of the car swung around the curve the fender, projecting from the south and at that time the rear end, struck the plaintiff on the leg, thus causing the injuries for which damages are sought to be recovered in this action. The fender was on the front of the car as it came down Sixth street, and would also be in front as the car moved west on Lehigh avenue when it backed to its proper position. It happened, however, that for a short

distance as the car backed around the curve the fender was on the rear end. The motorman and conductor did not have any notice of the plaintiff's presence at the side of the car, and it is not contended that they failed in the performance of any duty in not looking out and seeing her as she stood at that point. Counsel for defendant in the court below asked for binding instructions on the ground that there was no evidence of negligence by appellant, and that the appellee was guilty of contributory negligence and no recovery could be sustained. The court refused to give binding instructions to the jury, a verdict was returned in favor of the plaintiffs, judgment was entered thereon, and this appeal taken.

The first question to be considered is whether there was any evidence of negligence by defendant which justified the court in leaving the question to the jury. We have frequently said that negligence is the want of care under the circumstances. It does not follow, however, that a jury can be permitted to draw inferences of negligence in the absence of evidence from which such negligence may be reasonably inferred. A jury cannot be permitted to hold the defendant to a higher standard of care than the law requires. It is, therefore, of primary importance in every such case that the plaintiff should establish by affirmative testimony some negligent acts from which a jury can infer want of care. If the evidence does not show, nor tend to show, negligence, there is no question for the jury to determine.

The learned counsel for appellee contended in the court below, and argues here, that inasmuch as the defendant company, through its employees, did not cause the fender to be raised before the car proceeded to back around the curve, it was guilty of negligence. This position is not tenable under the facts of this case. There was no evidence in the case to show that it was customary or necessary to keep the fender raised at the rear end of the car. Fenders were placed on the cars because of a popular demand that they should be so placed as a protection to the public. In the absence of any evidence showing that the use of the fender by defendant was not a proper one, a jury cannot be permitted to draw an inference of negligence.

On the question of contributory negligence, the case is

equally conclusive against the plaintiff. It is true she was at a crossing on a public street where she had a right to be, but the defendant also had a right to be there in the exercise of its franchise. The law requires of both parties the exercise of reasonable care. This duty rests on plaintiff as well as defendant. If appellee saw the danger, or should have seen it under the circumstances, and could have avoided it by the exercise of reasonable care, and of this there is no doubt, it was her duty to do so, and failure to perform her duty defeats her right to recover damages.

Judgment reversed and it is here entered for the defendant.