TOWNSEND v. HOUSTON ELECTRIC CO.

(Court of Civil Appeals of Texas. El Paso. Feb. 13, 1913. Rehearing Denied March 12, 1913.)

1. CARRIERS (§ 305*)—INJURY TO PASSENGER —BOARDING CAR—PROXIMATE CAUSE.

Where plaintiff desired to board an approaching street car, got too near the track as it was rounding a curve, and was struck by the overhang of the fender and injured, plaintiff's proximity to the track, and not any excessive speed of the car, was the proximate cause of the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1132, 1136–1139, 1245–1246; Dec. Dig. § 305.*]

2. CARRIERS (§ 327*)—INJURY TO PASSENGER —NEGLIGENCE—SPEED—CONTRIBUTORY NEGLIGENCE.

Where plaintiff a prospective passenger was struck and injured by the overhang of the fender as the car rounded a curve, plaintiff's contributory negligence in assuming a position too close to the track would bar a recovery on the ground of the railway company's negligence in operating the car at too high a rate of speed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1363–1366; Dec. Dig. § 327.*]

3. CARRIERS (§ 327*) — STREET RAILROADS — INJURIES TO PASSENGER — CONTRIBUTORY NEGLIGENCE.

Where plaintiff, about to board a street car, got too close to the track, and was struck by the overhang of the fender as the car was rounding the curve, he was negligent, as a matter of law, and therefore could not recover for negligence of the motorman in failing to keep a proper lookout.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1363–1366; Dec. Dig. § 327.*]

4. CARRIERS (§ 348*)—DISCOVERED PERIL— CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Where plaintiff got too near a street car track, and was struck by the overhang of the fender as the car rounded a curve, an instruction that plaintiff could not recover on the issue of discovered peril, if plaintiff was negligent in assuming the position he took with reference to the track, and such negligence contributed to his injury, was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

5. CARRIERS (§ 340*)—INJURIES TO PASSENGERS—DISCOVERED PERIL.

Where plaintiff, about to board a street car, was struck and injured by the overhang of the fender as it was rounding a curve, the burden was on him to prove, in order to recover on the issue of discovered peril, that he was in a position of peril, that the motorman actually saw him in that position, realized his danger, and saw that he would not get away from the track, and that such discovery and realization of danger was in time for the motorman to avoid the accident by stopping the car, using the means at hand for that purpose, and negligently failed to do so.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1354; Dec. Dig. § 340.*]

6. CARRIERS (§ 348*) — INJURIES TO PASSENGERS — STREET RAILROADS — PERSON NEAR TRACK—DISCOVERED PERIL—EVIDENCE.

Where plaintiff, about to board an approaching street car, was struck by the overhang of the fender as it rounded a curve, and, though the motorman testified that he immediately shut off the power and applied the emergency brake on discovering plaintiff's per-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

il, the uncontradicted evidence showed that the car could have been stopped in considerably less distance than it was from where plaintiff was first discovered in peril of the front wheels of the car, which inflicted the injury, the evidence raised the issue of discovered peril.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

7. CARRIERS (§ 314*) — INJURIES TO PASSENGERS—PLEADING—DISCOVERED PERIL.

Where, in an action for injuries to a passenger about to take a street car by being struck by the overhang of the fender as it rounded the curve, the petition alleged that at the time of the accident plaintiff was standing at the usual, ordinary, customary, and proper place for taking the car, a further allegation that defendant was negligent in failing to stop the car, or slacken its speed after discovering plaintiff's presence, "at said time and place," did not allege that plaintiff was in a position of danger, and was insufficient to present the issue of discovered peril.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1260, 1270, 1273–1280; Dec. Dig. § 314.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Len Townsend against the Houston Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Green & Boyd, of Houston, for appellant. Baker, Botts, Parker & Garwood, of Houston, for appellee.

HIGGINS, J. Suit by appellant for the recovery of damages arising from personal injuries. It was alleged that defendant was engaged in the operation of a street railway system in the city of Houston, and on the night of January 23, 1911, while attempting to take passage on one of said cars, and while standing in the usual, ordinary, customary, and proper place for said purpose, plaintiff was struck by said car through the negligence of defendant and of its servants and employés operating the same, whereby plaintiff was thrown to the ground, the car running over his left hand, mashing and mangling same to such an extent as to require amputation; that he was exercising proper care at the time, and was at the proper place to take passage on the car, and defendant and those in charge of the operation of the car were negligent in the following respects: "(1) That said car was, in violation of law, being run and operated at a greater rate of speed than six miles per hour. (2) That the defendant and those operating and running said car were negligent in failing to keep a proper look out for plaintiff, or to discover his presence at said time and place, as they could have done had they exercised that degree of care required. (3) That the defendant, its servants, and employés in charge of said car were negligent in failing to stop said car or slack the speed thereof, after having discovered the presence of plaintiff at said time and place. (4) That the defendant and those in charge of said car ran and operated same, under the circumstances,

at a rapid, dangerous and reckless rate of speed. (5) That the defendant and those operating said car were negligent in failing to have same under complete control, as required by the city ordinance; (6) that either said track at said point or the car was negligently constructed in this: That said car in passing the curve at Capitol avenue and Louisiana street, point of accident, extended too far forward and from the track upon which it was being operated." The further allegations customary in such cases were also made. Defendant answered by general denial and special plea of contributory negligence on the part of plaintiff in assuming a position so close to the track that he was struck by the car as it passed.

The evidence discloses that on the evening of January 23, 1911, plaintiff was standing at the intersection of Capitol avenue and Louisiana street, in the city of Houston, with the intention and for the purpose of boarding a car. That he stood too close to the track, and as the car rounded the curve the overhang of the front end of the car, or the fender thereof, struck him as it passed, knocking him down and inflicting the injuries complained of. The night was dark and rainy, and, according to the testimony of plaintiff and a witness who was with him at the time, he was standing at the farther end of the curve, at the usual and proper place, as he thought, for taking passage. That the approaching car was brilliantly lighted with a headlight on the front, and he plainly saw its approach. That the motorman was looking backwards over his left shoulder, and he flagged him to attract his attention and get him to stop. That as the front end of the car passed, something struck him on the left leg, knocking him down, and the front wheels of the car ran over his hand. He did not know what struck him, as he was not looking down, but was watching and flagging the motorman, trying to catch his attention and get him to stop. He could not have seen the immediate front of the car, because it was in the dark; the light extending over it and striking the ground about six or eight feet in front of the fender. The car was running at a rapid rate of speed.

The defendant's version of the accident, as testified to by the motorman, was that upon approaching the curve he saw plaintiff waiting to take passage, standing in a position where he would be clear of the car as it passed. He slowed down for the curve, taking same at a rate of about 1½ miles per hour. That plaintiff took a step towards the track and stopped about six feet from it, and he supposed plaintiff would remain there; but, as the car came closer he again advanced to a point in front of the car. When he made the second advance he was about four, five, or six feet from the approaching car, and witness then saw and realized plaintiff's dan-

ger. He shouted to him, shut off the power, and applied the brakes. The car moved five or six feet after the power was shut off and brakes applied. He did not shout, cut off the power, or apply the brakes when plaintiff took the first step, as he was still in the clear and in no danger, and was not in a position of danger until he made the second advance.

Upon trial the court submitted the question of defendant's liability upon the issue of discovered peril only, and error is assigned to the failure to submit the other grounds of negligence alleged.

[1, 2] As to the first, fourth, and fifth assignments, which relate to the speed at which the car was running and failure to have same under proper control, this could not possibly have been the proximate cause of the injury. It is manifest that it was due to the proximity of plaintiff's position to the track, whereby the overhang of the car, or its fender, struck him as it rounded the curve. Had he not been too close he would not have been struck at whatever rate of speed the car may have been running. Furthermore, if in any event it could be regarded as the proximate cause, yet a recovery thereon would be barred by plaintiff's contributory negligence in assuming the position which he did, a phase of the case to which we will hereafter advert and discuss.

There is no evidence whatever to sustain the allegation of a defective track or car, whereby the latter was too much extended beyond the rails at the point of accident. It is argued that the fender was too much extended, based upon the evidence of the motorman that he pushed it back when the end of the line was reached. This, however, is a palpably false interpretation of his testimony, as it is clearly apparent that the forward fender is always extended and in its normal and proper position; that upon reaching the end of the line it is then shoved under the car, the trolley pole reversed, and the fender upon the other end, which then becomes the front end, is pulled out, and this process of pushing in one fender and pulling out the other is repeated at each end of the line.

[3] As to the allegation of negligence in failing to keep a proper lookout, this is clearly raised, and should have been submitted, unless plaintiff appears to have been guilty of contributory negligence as a matter of law. The evidence discloses that he was in full possession of all of his faculties, but, nevertheless, he heedlessly or deliberately assumed a position so near the rail that the overhang of the approaching car as it rounded the curve struck him; that he was watching the approach of the car, intending to take passage thereon, and was fully aware of the fact that the overhang on the curve was greater than on straight track, and he himself admits he was hurt because he was standing too close to the track, and his only excuse is that it was dark, and he could barely see the tracks at the point he was standing. That he could have seen the track and rails if he had looked he does not deny.

In Railway Co. v. Edwards, 100 Tex. 22, 93 S. W. 106, plaintiff approached and went upon a railway crossing at night, without looking or listening to ascertain whether or not a train was approaching, relying upon the statutory signals of whistling and ringing the bell being given to warn him of any approaching train. It was held that he had a right to rely upon the signals being given, yet it did not relieve him from the reciprocal duty of exercising due care as well, and failure to do so was not excused by the fault of the other party, and since it clearly appeared that he had entered upon the crossing without any care whatever to ascertain whether or not a train was approaching, he was negligent as a matter of law. While it is not in terms so stated, yet the effect of the opinion is that this negligence consisted in having heedlessly entered upon the crossing without exercising any precautions for his own safety.

In the instant case, viewed from its most favorable aspect, plaintiff heedlessly, and without proper precaution, placed himself too near the track, and in so doing he was negligent as a matter of law. Upon no other hypothesis or theory can his action be explained, since he could see the rails and track, saw the car approaching, knew that in rounding the curve the front and fender would overhang the rail, and knowing these facts, had he exercised any thought or care whatever, he would have stood a sufficient distance from the rail, so that the car would have cleared him as it passed. Carvey v. Rhode Island Co., 26 R. I. 80, 58 Atl. 456, is strikingly analogous. There plaintiff was likewise preparing to take passage at a curve, and had signaled the car to stop. While standing near the track, waiting for it to stop, she was struck by the overhang of the rear end as the car passed around. The court said: "And although the speed of the car was being slackened in response to her signal before she assumed the position of danger on said curve, yet, as it had not come to a standstill, she had no right to infer that it would do so at any particular point on the curve, and hence she had no right to take a position where the swing or overhang of the car would come in contact with her person. It is to be noted in this connection that the plaintiff was not attempting or intending to board the car while it was in motion, but to wait until it came to a standstill. And hence it was her plain duty not to get in the way of the car, or of any part thereof, while it was in motion. That the plaintiff knew that the position which she took while the car was rounding the curve was a dangerous one

must be presumed, as every person who is of sufficient intelligence to be capable of being left alone in the streets must be presumed to take notice of the obvious fact that the body of a street car, in rounding a curve, must necessarily swing out some little distance from the track on the outside of the curve. And for one to place himself within reach of the swing or overhang of a car while it is in motion is as much a bar to his recovery in an action against the company as though he had negligently placed himself in front of a moving car, and been injured thereby." In the instant case plaintiff testifies that he knew of the greater overhang on curves. The following cases are also to some extent in point: Matulewicz v. Railway Co., 107 App. Div. 230, 95 N. Y. Supp. 7; Markowitz v. Railway Co., 186 Mo. 350, 85 S. W. 353, 69 L. R. A. 389; Hoffman v. Railway Co., 214 Pa. 87, 63 Atl. 409. For the reasons indicated, the court properly refused to authorize a recovery upon the first, second, fourth, fifth, and sixth grounds of negligence alleged.

[4] Passing now to a consideration of the issue of discovered peril, we find this issue was submitted, but in its main charge the court also instructed the jury as follows: "On the other hand, if you believe that the plaintiff, by reason of the fact that he was blinded by the light of the car, or for any other reason, or from any other cause, took such position in relation to the tracks and the approaching car that an ordinarily prudent person would not have taken under the circumstances and environments of the occasion, and believe that such action on the part of plaintiff caused his injury, or so contributed thereto, that but for such action he would not have been struck by the car, you will find for defendant on the ground of plaintiff's 'contributory negligence,' and will so find even though you may believe the motorman was guilty of 'negligence' in any or all of the particulars alleged." It is quite obvious that the charge quoted was erroneous, since upon the issue of discovered peril plaintiff's right to recover was in no wise affected by any negligence upon his part in assuming a position of danger too close to the track. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410.

[5] The principle upon which the right of recovery in such cases rests is quite independent of any negligent act upon the part of either the plaintiff or defendant whereby the perilous situation arises, and the charge noted will require a reversal if there is any issue of discovered peril raised by the pleadings and the evidence. To authorize a recovery upon this ground it must have been shown (a) that plaintiff was in a position of peril; (b) that the motorman actually saw him in this position, realized his danger and saw that he probably would not or could not get off the track; (c) that this discovery and realization of danger was in time for the mo-

torman to avoid the accident by stopping the car, using the means at hand for that purpose, and negligently failed to do so. Railway Co. v. McMillan, 100 Tex. 564, 102 S. W. 103; Railway Co. v. Breadow, supra.

[6] Plaintiff's own testimony does not raise the issue, since it is to the effect that the motorman was looking back over his left shoulder and did not see him, but from the preliminary statement it will be noted the motorman himself testified to having seen plaintiff as the car rounded the curve, standing in a position of safety. Plaintiff then made a step forward and halted, still in a position of safety, but again advanced, this time in front of the car, when witness then saw and realized his danger, and at once employed the agencies at hand for stopping the car. That when plaintiff made the second advance he stopped four, five, or six feet in front of the car. Although the motorman testifies he immediately shut off the power and applied the emergency brake, yet an issue as to negligence in this respect is raised, since the uncontradicted evidence discloses the car should have been stopped in considerably less distance than it was from where plaintiff was first discovered in peril to the front wheels of the car, which inflicted the injury. But if the issue was not raised by the pleadings, evidence presenting the same, however introduced, would not support a recovery, and errors in the charge with relation to this phase of the case are harmless, since the court should have peremptorily instructed in defendant's favor. Sanches v. Railway Co., 88 Tex. 118, 30 S. W. 431; Railway Co. v. French, 86 Tex. 97, 23 S. W. 642; Railway Co. v. Knox, 75 S. W. 543; Ginners, etc., v. Wiley & House, 147 S. W. 629.

[7] The question thus reduces itself to a consideration of the sufficiency of the petition, and it seems that averments of the essential elements necessary to present the issue are lacking. In reaching this conclusion we are not unmindful of the fact that no special exception was addressed to the sufficiency of the petition in this respect, and it must therefore be tested by the rules applicable upon general demurrer, indulging every reasonable intendment in its favor. The allegation relied upon is : "That the defendant, its servants, and employés in charge of said car were negligent in failing to stop said car or slack the speed thereof, after having discovered the presence of plaintiff at said time and place." This does not constitute a direct allegation that the operator of the car ever saw plaintiff, but by inference it may be regarded as so doing, and, so regarding it, where does it place the plaintiff when he was seen? It says "at said time and place," and by reference to the other allegations we find it averred that at the time of the accident he was standing in the *usual, ordinary, customary, and proper place* for taking passage on the car, and if that was

the place he was standing, he was not in a position of peril when seen, and never was in any such position so as to require the exercise of any precaution upon the part of the motorman to avoid a collision. It thus negatives any averment or inference that he was in a perilous situation, or that he was ever discovered in such. There being no allegation that he was in a perilous position, and none that he was discovered in such, and the petition, further, as a whole clearly negativing any such inference, it was therefore insufficient to raise the issue which is under consideration.

For the reasons indicated, there should have been a peremptory instruction for the defendant, and since all of the errors assigned relate to the charge as given, and to the refusal of requested special charges, the same are overruled, and the judgment affirmed.