## Smith v. Penn Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Defense—Trials—Elicited on cross-examination—Answer—Uncalled witnesses—New trial.*

In an action on a fire insurance policy, the defendant on cross-examination disclosed that the plaintiff had stored on the insured premises more gasoline than was permitted under the policy. In an attempt to advance this as a defense, the lower court refused it, on the ground that it was not raised in the pleadings.

At the oral argument before the Superior Court it was stated that the plaintiff had witnesses to prove the waiver of the gasoline requirement, but they had not been brought into court because the point was not raised. Without passing upon the question raised under section 16 of the Practice Act, the appellate court held that, in the interest of justice, a new trial should be granted.

Argued December 11, 1923. Appeal, No. 176, Oct. T., 1923, by defendant, from judgment of C. P. Blair Co., March T., 1923, No. 162, on verdict for plaintiff in the case of E. W. Smith, Trustee of Morris Freedman, Bankrupt, v. Penn Mutual Fire Insurance Company of Chester County. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on fire insurance policy. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,611 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Marion D. Patterson,* and with him *Forrest and Percy Allen Rose,* for appellant.—The concealment by the in-

sured of the fact that he kept gasoline on the insured premises in violation of the prohibitions of the policy was a fraud on the defendant: Girard Fire & Marine Ins. Co. v. Stephenson, 37 Pa. 293, 296; Smith v. The Columbia Ins. Co., 17 Pa. 261.

Defendant was not liable for a loss or damage if gasoline was kept on the premises: Birmingham Fire Ins. Co. v. Kroegher, 83 Pa. 64, 66; Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497; Heron v. Phœnix Mut. Fire Ins. Co., 180 Pa. 257; Hutton v. Patrons Mut. Fire Ins. Co., etc., 191 Pa. 369; Lutz v. Royal Ins. Co., of Liverpool, 205 Pa. 159; Hall v. Sugar Valley Mut. Fire Ins. Co., 64 Pa. Superior Ct. 333.

*R. A. Henderson,* and with him *Robert W. Smith* and *J. F. Sullivan,* for appellee.—The insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any condition except upon an express agreement endorsed upon the policy: Witmer v. Royal Ins. Co., Ltd., 68 Pa. Superior Ct. 12; Todd v. Quaker City Mutual Fire Insurance Company, 9 Pa. Superior Ct. 371; Fannery Bros. v. State Mut. F. Ins. Co., 175 Pa. 387; Fritz v. British Am. Assn. Co., 208 Pa. 268; Bush v. Hartford Fire Ins. Co., 222 Pa. 419; McGonigle v. Agricultural Ins. Co., 167 Pa. 364; Louck v. Reading Fire Ins. Co., 9 York 169; State Ins. Co. v. Todd, 83 Pa. 272; McFarland v. Kittanning Ins. Co., 134 Pa. 590; Practice Act of May 14, 1915, P. L. 483; Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288.

Under the Practice Act, a defense not set forth in the affidavit of defense cannot be raised at the trial: Act of May 14, 1915, P. L. 483; William Zoller Co. v. Hartford F. Ins. Co., 272 Pa. 392; Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; Deitrich v. Davies, 274 Pa. 213; Campbell, Adm., v. Great Eastern Casualty Co., 73 Pa. Superior Ct. 333.

OPINION BY LINN, J., February 29, 1924:

Plaintiff has judgment on a verdict in a suit on a fire insurance policy. Defendant's motion for judgment n. o. v. was refused. The case was tried below with ten others, on other policies covering the same building or contents. The parties differ as to the legal effect of evidence elicited in cross-examination of the assured. Total loss by fire was alleged. The policy before us covered household furniture and fixtures in a building "while occupied as store and dwelling" from May 1, 1921, to May 1, 1922. It provided that "permission is given..... to keep on hand not exceeding one (1) quart in all, per family, of gasoline......for household use, but the use thereof for lighting, heating or cooking is prohibited without special permission endorsed on this policy....." "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring......while......there is kept, used, or allowed on the described premises......explosives, benzine, gasoline, naphtha or any other petroleum product of greater inflammability than kerosene oil ......"

The affidavit of defense averred (1) that plaintiff's loss was less than averred; (2) that the required proofs of loss had not been furnished; (3) that the assured had caused the premises to be fired. On the issue so made, the parties went to trial.

The assured testified in chief about the building, its cost, value, use, the business by him conducted in it, the kind and value of merchandise carried and sold, the fixtures and their value and use. He was then cross-examined in detail on those subjects and stated that, as part of his business in the building, he sold gasoline "by the can," having no filling station; this gasoline he kept in a 60-gallon capacity tank "outside the building," "right beside the foundation"; he tapped it in the cellar by a pump, "into vessels and those vessels were carried

outside of the building and supplied to [the] trade." He had been doing that "possibly ever since 1914." No objection was made to this cross-examination, but, later in the trial, plaintiff moved to strike it out on the ground that it was an effort to establish a breach of contract by the assured, not available as a defense, because not averred in the affidavit. The motion was refused.

Defendant offered no evidence, but made requests for instructions, several presenting the contention that the policy was not in force in consequence of the storage and handling of the gasoline.   These requests were refused for reasons subsequently stated by the learned trial judge as follows: "Summarizing our views, we hold; first, that the cross-examination of Freedman [assured] was proper for the purpose of showing the nature and extent of his merchandise and the manner of its disposal, but that the defendant could not derive the advantage of supporting an affirmative defense thereon which was not set up in the pleadings; second, that the condition alleged to have been breached was a condition subsequent and that under the pleadings in the case it was not incumbent upon the plaintiff to show that there was a compliance with a condition subsequent; third, that if the defendant desired to defend for a breach of condition subsequent it was necessary to be set out in the affidavit of defense notwithstanding the testimony that was brought out in the cross-examination of the plaintiff."

We agree the cross-examination was proper, but we find it neither necessary nor desirable to pass on the question raised under section 16 of the Practice Act, in the circumstances disclosed at the oral argument; it was then stated that plaintiff had evidence sufficient to prove that defendant had waived the right to insist on the provision in question, by witnesses other than the assured (Freedman) but that, as the point was not expected, these witnesses to prove waiver had not been brought into the court below when the case was tried.

In view of that statement, we think the interests of justice will best be served by a retrial of the case.

The judgment is reversed and a new trial ordered.