Daniels *v.* Atkins, Appellant.

Argued October 11, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George Gowen Parry,* for appellant.—There was no evidence which warranted the submission of the case to the jury and defendant's motion for judgment non obstante veredicto should have been granted: Fleccia v. Atkins, 270 Pa. 573; Laven v. Moore, 211 Pa. 245; Salerno v. P. & R. Ry. Co., 46 Superior Ct. 243; Laing v. Remington Arms Co., 264 Pa. 130.

**88**

*Michael D. Hayes,* of *Wilson and McAdams,* for appellee, cited: Caldwell v. Continental Trust Company, 291 Pa. 35; Boles v. Federal Electric Company, 89 Superior Ct. 160; Gillespie v. Penna. Company, 272 Pa. 393.

OPINION BY CUNNINGHAM, J., December 13, 1928:

On April 16, 1925, Roberts and Roller, general contractors, were engaged in erecting a twenty-two story apartment house at 19th and Walnut Streets in the City of Philadelphia. A deck or bridge had been erected along Moravian Street on the northern side of the structure for the accommodation and protection of pedestrians. While helping to load lumber from the top of this bridge, some twelve feet above the ground, into a truck underneath it, Robert Daniels, an employe of the general contractors, was struck in the head by some object which fell from the upper part of the building. When injured he was in a stooping position and about eight inches from the face of the wall. At that time the building was under roof and had been about sixty per cent. completed; the employes of the numerous sub-contractors were at work on the different floors.

Alleging that the object which injured him had been negligently permitted to fall by the employes of Edward Atkins, the sub-contractor for the brick work, who at the time were working on a scaffold some forty feet in length, suspended along the building at the 8th or 9th story, and higher than the bridge on which he was working, plaintiff brought an action in trespass against Atkins for damages for his injuries and recovered a verdict for $500. The defendant offered no evidence but presented a point for binding instructions and the case is before us on his appeal from the judgment entered on the verdict after his motion for judgment n. o. v. had been denied. The object which struck plaintiff is described in his statement of claim

as "a large piece of mortar, cement, stone or other material," but the plaintiff, himself, testified that it was a piece of steel lath, eight or twelve inches in length, with "a crook in it for a man to put his finger [in]," and used "to rub off the bricks with." Several fellow employes of plaintiff were on the bridge with him at the time but no one saw the article fall. There was testimony (admitted over appellant's objection) by one of the foremen for Roberts and Roller, who was standing on the ground thirty or forty feet away from the bridge, that he did not see what hit the plaintiff but that one of the workmen immediately after the injury held up a lump of hard mortar "about half the size of a brick" and said "this hit him on the head." The men on the scaffold were not laying bricks; the bricklaying had been completed with the exception of washing down the outside of the building with water and acid—the work at which they were then engaged. There was no evidence that any of the men on the scaffold were working directly above the plaintiff or in such position that anything they might drop or dislodge could fall on him. The defendant, directing attention to the testimony showing that the employes of a number of other sub-contractors were at work throughout the building, that there was the usual amount of debris on the different floors and that none of the windows upon that side of the building had been glazed, contended that plaintiff had not brought himself within such cases as Booth v. Dorsey, 208 Pa. 276, by showing that defendant's employes were in position to have caused the accident and by excluding any other reasonably probable cause, and argued that this case should be ruled rather by Laven v. Moore, 211 Pa. 245, and Fleccia v. Atkins, 270 Pa. 573. The case is quite close on the testimony, but, as we feel it must be retried for reasons about to be stated, it is not necessary to pass upon the question whether the plaintiff introduced sufficient evidence to take it to the jury.

At the opening of the trial the learned trial judge, upon plaintiff's offer and over defendant's objection, admitted in evidence the second and seventh paragraphs of plaintiff's statement of claim upon the ground that they had not been sufficiently denied in the affidavit of defense. These paragraphs read:

"2. The defendant, Edward Atkins, is or was at the time of the occurrence hereinafter related, engaged in the building, contracting and bricklaying business in the City and County of Philadelphia, and in the course of his said business was engaged in doing certain bricklaying or other work, by himself, and his servants, agents or employees, in, and about a certain building operation at the northwest corner of Nineteenth and Walnut Streets, in said city and county. . ... . . . .

"7. Plaintiff avers that the persons responsible for the falling of the said large piece of mortar, cement, stone or other material, were the defendant and his servants, agents or employees, and that they were at the time acting for the business and purposes of the said defendant."

The affidavit of defense consists of a single paragraph which reads: "(1) It is denied that the piece of mortar, cement, stone or other material, alleged to have struck the plaintiff as set forth in the statement of claim, was thrown, dropped, forced from its position or caused to fall by the defendant, his servants, agents, or employes engaged in the course of defendant's business."

Section 13 of the Practice Act of May 14, 1915, P. L. 483, provides: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, ...... if not denied, shall be taken to be admitted," etc. The second paragraph was properly admitted in evidence; it was not denied; and failure to deny it amounted to an admission that the persons

engaged in doing bricklaying work on the building were defendant's employes and agents. In the seventh paragraph, however, we find the averment that these employes of the defendant were "the persons responsible for the falling of the said large piece of mortar," etc. By the affidavit of defense it was specifically denied that the object alleged to have struck the plaintiff "was thrown, dropped, forced from its position or caused to fall" by these employes. We think the court erred in holding that this was not a sufficient denial of the averments of the seventh paragraph of the statement.

The case of Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160, relied upon by counsel for plaintiff and urged upon the trial judge, is not authority for the present contention. All that was decided in that case was that, under the affidavit of defense there filed, "the defendant, the Federal Electric Company, [had] admitted that it was its men who were doing [the] work." In that case the plaintiff was injured by the falling of a piece of concrete from the top of a high building upon which it was alleged the employes of the defendant were erecting an electric sign and for the purpose were chipping away pieces of concrete. No other work was being done on the building. In the course of the opinion of the court below, which was adopted by this court, it was clearly stated that the admission that the defendant's employes were at work on the building "carried with it no proof that these agents committed the act complained of, or that they were negligent." Here, a material issue was whether the employes of the defendant, admitted to have been at work on the structure at the time of the injury, were the persons "by whom the act was committed;" the averment that they were was specifically denied in the affidavit of defense.

The position of the learned trial judge seems to have been that, under the pleadings, the defendant admitted

that his employes committed the act and all that the plaintiff was required to prove was that it was a negligent act. When requested to make a specific ruling on the matter now under discussion the trial judge said: "The ruling of the court in that particular instance as submitted was that except so far as it might relate to any question of negligence, which you would not have to deny, we did not feel that the affidavit denied paragraphs 2 and 7; but as to negligence, there is no admission of negligence; that the plaintiff is under the necessity of proving." We think this ruling was prejudicial to defendant and improperly relieved the plaintiff from the necessity of proving a material part of his case which was in issue under the pleadings, and we, therefore, sustain the fourth assignment. As it is possible that the plaintiff, in view of the ruling, did not introduce other available proof upon this branch of the case, he should be afforded an opportunity to offer whatever evidence may be obtainable as tending to identify the employes of defendant as the persons responsible for his injuries. In our opinion the interests of justice will be best served by directing a new trial: Smith v. Penn Mutual Fire Ins. Co., 82 Pa. Superior Ct. 597.

The judgment is reversed with a venire.