**Rex et al. *v.* Lehigh Valley Transit Company, Appellant.**

604

Argued December 11, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Asher Seip,* for appellant.

*Calvin F. Smith,* of *Smith & Paff,* for appellees.

Opinion by Keller, J., March 1, 1935:

The plaintiff, Robert B. Rex, who is the minor son of Barron P. Rex, the other plaintiff, was run over and severely injured by a trolley car of the defendant company. They brought this action to recover the damages which they respectively suffered. Verdicts were rendered in their favor, on which judgments were entered. The defendant has appealed and assigns as

error the refusal of the court below to enter judgment non obstante veredicto in its favor.

The defendant company operates a single track trolley line in the middle of Parker Avenue in the City of Easton. The track ends about one hundred and fifty feet southwest from the point where Parker Avenue makes a Y intersection with Shawnee Avenue. There is no street intersection at the trolley terminus. The plaintiffs' home fronts on Shawnee Avenue at its intersection with Parker Avenue and is set back some eighty or one hundred feet from the street line. On the morning of December 18, 1928, the plaintiff's son, who was a stirring, active boy, two and a half years old, was in the yard belonging to his home in the custody of an adult person. While the latter's attention was momentarily diverted, the child ran out of the yard and into the street. No one saw him do it.

The only witness to what follows was a neighbor, Mrs. Mary Kline, whose house fronted on Parker Avenue, on the other side of the street from plaintiffs' home, and was set back about fifteen or twenty feet from the street. She testified that she was standing at a window of her house which looked out on the street. She saw the defendant's trolley car come to the terminus of the route. There were no passengers. The operator got out of the car, swung the trolley pole round so that what had formerly been the back of the car would be the front, and got on the car again preparatory to starting it. Just before the operator jumped on the car, she saw, for the first time, the child standing in the track "just in front of where the headlight was," that is the headlight on what was now the front of the car; not the headlight on what had become the rear. "He was by the headlight," she said. On cross-examination, she testified, "He was standing by the headlight"; he was not "up against the car," but "by the headlight."

Realizing the danger to the child, she ran out of the house to warn the motorman, but before she got out, the car had started and knocked down the child. The defendant did not contend, in this court, that the child's parents were negligent in their care of him.

It is, of course, admitted that the defendant is not liable in damages to the plaintiffs unless its employee was negligent; and that the mere happening of the accident is not proof of negligence, (McAvoy v. Kromer, 277 Pa. 196, 120 A. 762; Justice v. Weymann, 306 Pa. 88, 158 A. 873); but plaintiff's counsel, relying on the cases of Goldberg v. Phila. R. T. Co., 299 Pa. 79, 149 A. 104, and Kurtz v. Buffalo & Lake Erie Traction Co., 86 Pa. Superior Ct. 234, contends that the operator of the car was guilty of negligence in failing to see the child in the track in front of him. In the Goldberg case, the Supreme Court did say: "It is the duty of a motorman as his car moves forward to keep a constant watch of the cartway and track before him. To run down a small child in an unobstructed street in broad daylight is evidence of negligence, unless the child suddenly darts out into the track of the car." The present case, however, is different from the cases on which he relies. In the Goldberg case the car was in motion for some time before the child was struck, and the child was in plain view of the motorman, if he had looked, from the time he left the curb until he wandered onto the track; and it was the motorman's duty to see him. And in the case of Kurtz v. Buffalo & Lake Erie Traction Co. the car, at the time of the accident, was being operated from a motor at the rear, without any person keeping a lookout in front, and we held that the jury were justified in finding the defendant guilty of negligence in so operating the car. So also, in Parrotta v. Penna. & M. V. Ry. Co., 40 Pa. Superior Ct. 138, relied on by the court below, the car

was in motion and the child was on the track in plain view, while the trolley car traveled from one hundred to two hundred feet, before she was struck.

In the present case, however, the car was standing still when the child got on the track, and it does not appear, in the testimony, that the motorman saw the child or that, where the child was standing, he could be seen by the motorman when he took his place and prepared to start the car, or that the car traveled any distance before it knocked the child down. There was no duty resting on the operator of the car to make a careful examination in front of the car to see that no child, or children, had strayed on the track. If, considering the height of the child and his position by the headlight, it was possible for the motorman, standing at his place in the car, to see the child if he had looked, and he failed to do so, the jury would be justified in finding the defendant guilty of negligence. On the other hand, in the same circumstances, if it was not possible for the motorman, standing in his car and about to start its operation, to see the child where he was standing, he was not guilty of any negligence and the jury should not have been permitted to find him guilty.

The question arises, on whom lay the burden of showing, if possible, that the motorman standing at his position at the motor could have seen the child if he had looked. The counsel for appellee contended that this duty rested on the defendant; the defendant argued, on the other hand, that the duty rested on the plaintiffs, and offered no testimony following the refusal of its motion for a compulsory nonsuit.

In order to recover a verdict against the defendant, it was the duty of the plaintiffs to prove that the defendant's employee was negligent, and, if, in order to prove this negligence, it was necessary to show that the defendant's motorman, standing in his place in the

608

car, either saw, or could have seen a child of that size standing where he was, at the headlight of the car, it was the plaintiffs' duty to do so rather than the duty of the defendant to disprove it. See Sajatovich v. Traction Bus Co., 314 Pa. 569, 172 A. 148; Trevethan v. Phila. & R. Ry. Co., 244 Pa. 414, 416, 90 A. 796; Pitcher v. Peoples St. Ry Co., 174 Pa. 402, 34 A. 567; Hoffman v. Phila. R. T. Co., 214 Pa. 87, 63 A. 409; Hestonville Pass. Ry. Co .v. Connell, 88 Pa. 520; Hoffman v. Herman, 107 Pa. Superior Ct. 92, 163 A. 452.

The number of the car was known; the operator of the car was known. Plaintiffs' witness so testified on the trial. In such circumstances, in order to justify a recovery for the plaintiffs, we think it was, at least, the duty of the plaintiffs to produce a witness, or witnesses, who, after an examination of the physical facts relative to the car and the position of a child of that size, standing by the headlight, could affirmatively testify that a man of the size of defendant's motorman could have seen the child if he had looked out of the window in front of him. If a witness could be produced who would so testify, the question of defendant's negligence would be for the jury; if no such witness could be produced the defendant would be entitled to binding instructions.

We are of opinion, therefore, that the judgment must be reversed, but in view of the position taken by the court below on the motion for a compulsory nonsuit we feel that judgment should not be entered in favor of the defendant non obstante veredicto, but that the interests of justice will be subserved by granting a new trial. See Furer v. May, 115 Pa. Superior Ct. 28, 174 A. 630; Taggart v. De Fillippo, 315 Pa. 438, 173 A. 423; Smith v. Penn Mut. Fire Ins. Co., 82 Pa. Superior Ct. 597; Daniels v. Atkins, 95 Pa. Superior Ct. 86, 92.

The judgments are reversed and a new trial awarded.