# Rymowich *v.* Schuylkill Railway Company, Appellant.

*Negligence—Street railways—Infant—Case for jury.*

In an action against a street railway company to recover damages for injuries to a child five years old, the case is for the jury where the inference can be drawn from the evidence that the motorman did not know that his car had struck the child, which had darted in front of it, until a bystander ran up and told him, that then he made the first

effort to stop the car, and that he could have seen the child if he had been keeping the proper lookout.

Argued Feb. 14, 1911. Appeal, No. 324, Jan. T., 1910, by defendant, from judgment of C. P. Schuylkill Co., March T., 1909, No. 66, on verdict for plaintiff in case of August Rymowich and his daughter Mary (Minor) v. Schuylkill Railway Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAY, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James B. Reilly*, with him *Frank J. Laubenstein*, for appellants.

*William Wilhelm*, with him *G. F. Brumm*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1911:

The accident in this case happened on August 11, 1907, at about 4.45 P. M. in the borough of Shenandoah. Although the testimony was not very satisfactorily presented, yet the jury could have found therefrom that the accident occurred at an intersection or street crossing where the cars were in the habit of stopping on signal to let passengers on and off; that the street upon which the car was running was twenty-five feet in width and the space between the curb-line and the car track was eleven feet; that the motorman had a clear unobstructed view ahead of him for about four squares before he came to the place of the accident; that there was no fender on the car, or anything else

to prevent the motorman from seeing the surface of the street immediately ahead of him; that the district through which the car was passing was a thickly populated one; that the child who was hurt was about five years of age at the time of the accident; that the whole occurrence took place within the space of a very few minutes; that the child was standing on the pavement and started to cross the street, and "as soon as she got on the first rail the car hit her," and she was dragged from twenty to thirty feet; that the car had to go nine feet after the front of it had struck the child before its wheels could come in contact with her body; that a man who was standing seventy feet away ran up and "hollered" to the motorman that he had struck the child and that she was under the car; that the motorman then stopped the car in less than half its length, or within the space of about thirteen feet; that the car was backed up and the child was taken from beneath it with one of its hands cut off.

From the evidence the inference could be drawn that the motorman did not know that his car had struck the child until the bystander ran up and told him, and that he would have seen the child if he had been keeping the proper lookout. There was no testimony indicating any effort to stop the car until the motorman was informed by the bystander that the child was under it. Under these circumstances it was for the jury to say whether the accident was unavoidable because of the sudden darting out of the child or was due to the negligence of the motorman. These issues were fairly and correctly presented to the jury in a charge which is not complained of.

The assignments of error are all overruled and the judgment is affirmed.