## Alfred Kurtz *v.* Buffalo & Lake Erie Traction Company, Appellant.

*Negligence—Backing trolley cars without observing or giving warning—Case for jury—Contributory Negligence.*

In an action of trespass, by a father, to recover damages for the death of his son, it appeared that defendant's motorman, in order to turn around, reversed his car without observing or giving any warning. It also appeared that there was no one on or near the rear platform which became the front of the car when it started on its reverse movement. In backing, the defendant's car ran over the plaintiff's infant son who was standing between the tracks.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

It cannot be said, as a fixed rule of law, that a mother having

her household duties to look after, the care of six children and no servant, is guilty of contributory negligence because the child, who had but ten minutes before been with her in the kitchen, escaped from her unobserved.

Argued April 13, 1925.   Appeal No. 55, April T., 1925, by defendant from judgment of C. P. Erie Co., Nov. T. 1922, No. 265, on verdict for plaintiff, in the case of Alfred Kurtz v. Buffalo & Lake Erie Traction Co., a Corporation in the hands of a Receiver. Before PORTER, HENDERSON, TREXLER, KELLER, LINN, and GAW-THROP, JJ. Affirmed.

Trespass to recover damages for the death of minor child.  Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $750.00 and judgment thereon.  Defendant appealed.

*Error assigned* was the judgment of the court.

*John B. Brooks,* and with him *Charles H. English* and *Frank B. Quinn,* for appellant, cited: Pitcher v. Railway, 174 Pa. 403; Thompson v. B. & O. R. R. Co., 218 Pa. 449; Kylie v. Buffalo Elevated Railroad Co., 31 Lawyers' Reports L. R. A. 1154; Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87; Hestonville Passenger Railway Co. v. Connell, 88 Pa. State 520; Glassey v. The H. M. & F. Passenger Ry. Company, 57 Pa. 172; Smith v. O'Connor, 48 Pa. 218; Darbrinsky v. The Penna. Co., 248 Pa. 503; Sullenberger v. Chester Traction Co., 33 Pa. Superior 12.

*W. Louis Schlesinger,* for appellee, cited: Toner vs. Pa. R. R. Co., 263 Pa. 438; Ryomwich v. Schuylkill Railway Co., 231 Pa. 582; Hoffman v. Consolidated Traction Co., 230 Pa. 271; Citizens' Passenger Railway Co. v. Foxley, 107 Pa. 537; Johnson v. Reading

City Passenger Railway, 160 Pa. 647; Wagner v. Phila. Rapid Transit Co. 252 Pa. 354; Shafer v. Lacock Hawthorne & Co., 168 Pa. 497; Algard v. Phila. Rapid Transit Co., 266 Pa. 390.

OPINION BY LINN, J., July 9, 1925:

This is an appeal from judgment on a verdict for the death of a three-year-old child. Defendant operates a street car line on 18th Street in the City of Erie, turning its cars on a "Y" at the intersection of 18th and Cranberry Streets. Eighteenth Street extends east and west, Cranberry Street intersecting at right angles. From the 18th Street tracks, at two points each a very short distance east and west respectively from the Cranberry Street intersection, switch tracks curve northward into Cranberry Street, forming a triangle of tracks, used to turn cars around. A street car had moved west on 18th Street, and stopped on the east side of Cranberry Street to discharge passengers. At the rear, was a fender tied up against the car. Having discharged passengers, the car crossed Cranberry Street, westward, and stopped at a short distance beyond the switch point; then, to turn around, it reversed and moved over the track curving northward into Cranberry Street. During that operation there were but two employees on the car, the motorman, who from the front platform operated the car as it crossed Cranberry Street and who remained there during the movement north into Cranberry Street, and the conductor, who according to evidence on behalf of plaintiff, stood somewhere about the middle of the car. There was no one on or near the rear platform, which became the front of the car as it moved into Cranberry Street. Just before or about the time the movement from 18th Street into Cranberry Street was begun, wit-

nesses saw the child standing between the tracks directly in front of the car in its course into Cranberry Street. Before bystanders could give an effective alarm to those in charge of the car, it ran over the child. A witness for the defendant testified that the child had hung on to the fender on the rear when it stopped on the east side of 18th Street to discharge passengers, and had so remained until it was jolted off in making the turn into Cranberry Street. We must, however, take the evidence in its aspect most favorably supporting the verdict, and have so stated the facts inferable.

When the car proceeded from 18th Street northward into Cranberry Street, there was no one on what was then the front of the car, to see whether the track was clear. The evidence which the jury may have accepted, shows that the child was then standing between the rails and on part of a public highway used by pedestrians in crossing 18th Street. Over such a place, defendant's car could not move without observation, or warning, if necessary. Several witnesses testified that the forward movement was made without warning. When asked, "How do you turn your car around at 18th and Cranberry?" the motorman testified, "......  when we have a two man car the conductor generally goes to the back end of the car and says 'Back up' ......," and he testified that the conductor did so for this movement. The jury was, however, justified by the evidence that neither observation nor warning took place, in concluding that therefore defendant was negligent: Toner v. P. R. R. 263 Pa. 438, 440; Rymowich v. Ry. Co., 231 Pa. 582.

The contributory negligence of the parents could not be declared as matter of law. The parents were in humble circumstances, living near by on 18th Street. There was evidence that the child had but ten minutes before been with its mother, who was ironing in her kitchen; she had six children, the oldest aged nine, to

look after, and she had no servant; the child had escaped from her unobserved.

The third assignment must also be overruled. The jury was plainly instructed that plaintiff cannot recover unless defendant was negligent, and even then may not recover, if plaintiff's negligence contributed.

The judgment is affirmed.